## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE BISCHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 07174 |
| | ) | |
| CITY OF CALUMET CITY, ILLINOIS, | ) | Judge Hibbler |
| an Illinois Municipal Corporation, JAMES | ) | Magistrate Judge Keys |
| BANASIAK, individually, REBECCA | ) | |
| WOJEWODA, individually, Alderman | ) | |
| GERALD TARKA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CALUMET CITY'S ANSWER
## TO PLAINTIFF'S COMPLAINT

Defendant, City of Calumet City ("Calumet City') by its attorneys, Odelson & Sterk, Ltd.,

answers plaintiff's second amended complaint as follows:

## GENERAL ALLEGATIONS

1.     The Plaintiff is the owner of land described and located at 763 May Street, Calumet

City, Illinois.

**ANSWER:**     Calumet City lacks knowledge and information sufficient to form a belief as

to the allegations contained in paragraph 1 and therefore denies the same.

2.     The Defendant, Gerald Tarka, is the alderman of the 5th Ward in the City of Calumet

City where the Plaintiff's property is located.

**ANSWER:**     Calumet City admits the allegations of paragraph 2.

3.     The Defendants, Rebecca Wojewoda and James Banasiak, are the directors of Fair Housing and Inspectional Services, respectfully.

**ANSWER:**    Calumet City admits the allegations of paragraph 3.

4.     Defendant City of Calumet City, Illinois is a municipal corporation organized under the laws of the State of Illinois and is the governmental agency responsible for the issuance of building permits, building inspection certificates, and general surveying duties.

**ANSWER:**    Calumet City admits that it is an Illinois home-rule municipal corporation. Calumet City admits that it issues building permits for certain types of construction activities. Calumet City denies that it issues a certificate entitled "building inspection certificate." Calumet City denies that it is responsible for general surveying duties.

5.     On or about December 23, 1999 the Plaintiff purchased 763 May Street (hereinafter referred to as "763") with land and improvements for the sum of Three Thousand and NO/100 Dollars ($3,000.00) from a Mr. and Mrs. Dovich. That property is designated as Lots 40 and 42 in the official records of the Cook County Recorder of Deeds.

**ANSWER:**    Calumet City admits that on or about December 23, 1999, plaintiff purchased the property commonly known as 763 May as alleged. Calumet City lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 5 and therefore denies the same.

6.     Prior to the sale of the property by Dovich, Bay attempted to purchase 763 but was unable to secure a contract with Dovich.

**ANSWER:**    Calumet City lacks knowledge and information sufficient to form a belief as

to the allegations contained in paragraph 6 and therefore denies the same.

7.    Since the date of Plaintiff's purchase, the Plaintiff has attempted, in good faith, to

repair, renovate and update the property.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 7.

8.    On at least three occasions since 2000, the City of Calumet City has refused to issue

the necessary building permits to the Plaintiff to complete the repairs, and have done so without good

cause.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 8.

9.    In December 2001, the Plaintiff met with Alderman Tarka of Calumet City and was

advised by him that she would be required to demolish her home and that no permits would be issued

to her.

**ANSWER:**    Calumet City admits that Alderman Tarka met with plaintiff on one or more

occasions regarding the property at 763 May. Calumet City denies that

Alderman Tarka advised plaintiff that she would be required to demolish her

home or that no permits would be issued to her.

10.    In June 2002, the Plaintiff was notified that Bay intended to begin construction of a

new garage. The Bay property is adjacent to the Plaintiff's property.

**ANSWER:**    Calumet City lacks knowledge and information sufficient to form a belief as

to when plaintiff was notified about the construction of a new garage and

therefore denies the allegations regarding the same. Calumet City admits that

at the property commonly known as 767 May is adjacent to the property commonly known as 763 May.

11.     In response, the Plaintiff met with officials of the City of Calumet City to inform the City of the likely encroachment. The City refused to take any preventative action and falsely represented to the Plaintiff that there was no encroachment by Bay, that the Plaintiff would be required to demolish her home and that her lots were less than 40 feet wide.

> **ANSWER:**    Calumet City admits that one or more officials have met with plaintiff on one or more occasions. Calumet City lacks knowledge and information as to the intended meaning of the term "preventative action" and therefore denies the allegations regarding same. Calumet City denies the remaining allegations contained in paragraph 11.

12.     Thereafter, the City of Calumet City contracted with Robinson Engineering Co. (Robinson) to perform a limited re-survey of the properties on May Street in Calumet City, Illinois.

> **ANSWER:**    Calumet City admits that Robinson Engineering surveyed the properties in the vicinity of 763 and 767 May Street. Calumet City denies that the property was surveyed at its direction.

13.     As a result of that survey, each property lot on May Street was reduced to 19.8 feet wide. Typically, a single address consisted of 2 adjacent lots.

> **ANSWER:**    Calumet City denies that the survey diminished the size of any lot of record. Calumet City lacks knowledge and information sufficient to form a belief as to what plaintiff believes to be a typical situation and therefore denies the second allegation contained in paragraph 13.

14.    By City ordinance in order to build on a property, that property must be a minimum of 40 feet wide.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 14.

15.    The City ordered re-survey deprived the Plaintiff of the ability to build or repair her property.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 15.

16.    On July 5, 2002 the Plaintiff retained Anthony J. Smierciak to perform a survey on her property. Mr. Smierciak reported that each of the Plaintiff's lots were 20 feet wide.

**ANSWER:**    Calumet City lacks knowledge and information sufficient to form a belief as
to the allegations contained in paragraph 16 and therefore denies the same.

17.    On or about August 2002, the Plaintiff again met with officials of the City's building department and was advised that the Plaintiff could not hire a surveyor other than Robinson and that the City would not accept the findings of any other survey firm.

**ANSWER:**    Calumet City admits that plaintiff met with one or more City officials on one
or more occasions. Calumet City denies the remaining allegations contained
in paragraph 17.

18.    In or about September 2002, Bay hired Danley Construction Company (Danley) and Ozinga Cement Company (Ozinga) to construct a garage.

**ANSWER:**    Calumet City admits the allegations contained in paragraph 18.

19.    On September 10, 2002, Bay, Danley and Ozinga began construction and in performing the construction entered upon the land of the Plaintiff without consent, located the

concrete slab and walls upon the property of the Plaintiff and otherwise encroached and damaged the Plaintiff's property.

> **ANSWER:**    Calumet City lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19 and therefore denies the same.

20.    The boundary line between the Plaintiff's property and the Bay property is clearly determinable and subject to resolution by a court.

> **ANSWER:**    Calumet City admits the allegations contained in paragraph 20.

21.    The Defendants have committed an ongoing trespass upon the land of the Plaintiff, willfully and negligently damaged the Plaintiff's property, obstructed the Plaintiff's access to her property, created a public and private nuisance by impairing the Plaintiff's use and enjoyment of her land and illegally colluded and conspired with one another to effect a taking of land in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of Illinois.

> **ANSWER:**    Calumet City lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21 and therefore denies the same.

22.    In 2004, after the original filing of this suit, the City of Calumet City, Wojewoda, Tarka and Banasiak took steps to permanently deprive the Plaintiff of use of the property.

> **ANSWER:**    Calumet City denies the allegations of paragraph 22.

23.    On specific occasions through 2004, 2005 and 2006, the Plaintiff met with Wojewoda, Tarka and Banasiak to resolve construction permits for the renovation of the property.

**ANSWER:**     Calumet City admits that plaintiff met with one or more City officials on one or more occasions.  Calumet City denies the remaining allegations contained in paragraph 23.

24.     On occasions during those discussions, Wojewoda and Banasiak falsely stated that the property could not be renovated.

**ANSWER:**     Calumet City denies the allegations of paragraph 24.

25.     When confronted with renovation agreements and estimates of cost for the renovation, Wojewoda, Tarka and Banasiak continued to arbitrarily and capriciously deny the Plaintiff the full use and enjoyment of her property.

**ANSWER:**     Calumet City denies the allegations of paragraph 25.

26.     Wojewoda, Tarka and Banasiak then directed that the Plaintiff's home be demolished, falsely alleging in a Court of Law that the home was blighted and in such a condition as to be a public hazard.

**ANSWER:**     Calumet City admits that it sought to have the house structure on the property demolished.  Calumet City denies the remaining allegations contained in paragraph 26.

27.     At all times prior to the filing of this Complaint, the Plaintiff maintained the property in an appropriate manner, including keeping the lawn and shrubbery manicured, debris removed and the home property secured.

**ANSWER:**     Calumet City denies the allegations contained in paragraph 27.

28.    Wojewoda, Tarka and Banasiak, however, directed employees of the City of Calumet City to enter upon the property under cover of identity and damaged the property of the Plaintiff without consent or authority.

ANSWER:    Calumet City lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 and therefore denies the same.

29.    Wojewoda, Tarka and Banasiak also falsely reported to the Calumet City Police Department that the Plaintiff's home was the scene of criminal activity, that the home would be torn down summarily, that illegal drug sales were occurring on the property and that vermin were living inside the home.

ANSWER:    Calumet City lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29 and therefore denies the same.

30.    None of the statements were or are true and the falsity of the statements were verified by the Calumet City Police Department.

ANSWER:    Calumet City lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 and therefore denies the same.

## COUNT I
### Trespass to Land

### (vs. Wojewoda, Tarka, and Banasiak)

The allegations contained in Count I are not directed against Calumet City and therefore no answer is made to those allegations.

## COUNT II
### 42 U.S.C. §1983
### (vs. All Defendants)

36.　The Plaintiff realleges and incorporated by reference the allegations contained in paragraphs 1-29 as fully set forth herein.

**ANSWER:**　Calumet City restates paragraphs 1-28 of the answers above as its answer to paragraph 29 as though fully set forth herein.

37.　The City of Calumet City (Calumet City) is a municipal government formed under the laws of the State of Illinois.

**ANSWER:**　Calumet City admits that it is an Illinois home-rule municipality.

38.　Calumet City is responsible for the issuance and review of permit applications presented to it by property owners who wish to build or improve their properties.

**ANSWER:**　Calumet City admits that it reviews certain types of building permit applications and issues building permits for certain types of work provided that the applicant of construction activities has complied with all applicable requirements.

39.　In December 2001, and at various times thereafter the Plaintiff submitted permit applications to Calumet City for approval.

**ANSWER:**　Calumet City admits that plaintiff filed one permit application.

40.　The Plaintiff's applications have consistently been denied without good cause.

**ANSWER:**　Calumet City denies the allegations contained in paragraph 40.

41.    In combination with John and Dorothy Bay, Calumet City, through its elected officials and commissioners, reapportioned the lots on May Street without notice and without a due process hearing.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 41.

42.    The reapportionment ordered by Calumet City was for the benefit of one property owner, the Bays', and to the detriment of all other lot owners, including the Plaintiff, and is in violation of the fifth and Fourteenth Amendments on its face and as the reapportionment was applied to the Plaintiff.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 42.

43.    The reapportionment effected a taking of land and was done without Due Process, all in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of Illinois.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 43.

44.    As a direct and proximate result of the taking of her land, the Plaintiff has been permanently damaged.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 44.

**WHEREFORE,** defendant, City of Calumet City, denies that plaintiff is entitled to any relief whatsoever and moves this Honorable Court to grant judgment for Calumet City and against plaintiff and award Calumet City its costs of suit and such other relief as may be appropriate.

## COUNT III

### CONSPIRACY TO COMMIT TRESPASS TO LAND
(vs. Wojewoda, Tarka and Banasiak, City of Calumet City)

39.     The Plaintiff realleges and incorporated by reference the allegations contained in paragraphs

1-38 as fully set forth herein.

ANSWER:    Calumet City restates paragraphs 1-38 of the answers above as its answer to

paragraph 39 as though fully set forth herein.

40.     The Defendant, City of Calumet City, through its elected officials and commissioners

of the housing department, instructed a City of Calumet City building inspector, Ed Cope, to break

into the Plaintiff's property without the Plaintiff's permission.

ANSWER:    Calumet City denies the allegations contained in paragraph 40.

41.     Further, the Defendant, City of Calumet City, through its elected officials and

commissioners, instructed the same individual to falsely testify before the Honorable Court regarding

instructions received from City of Calumet City officials to break into Plaintiff's property.

ANSWER:    Calumet City denies the allegations contained in paragraph 41.

42.     When Mr. Cope objected to falsely testifying before this Honorable Court, the

Defendant, City of Calumet City, terminated his employment.

ANSWER:    Calumet City denies the allegations contained in paragraph 42.

43.     By instructing its employee to break into Plaintiff's property, with knowledge that it

did not have Plaintiff's permission, the Defendant, the City of Calumet City, committed trespass

upon Plaintiff's land.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 43 and further denies that the allegation that an instruction to trespass constitutes a trespass.

44.    Also, while breaking into and entering Plaintiff's property, the City of Calumet City employee caused damage to Plaintiff's personal and real property.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 44.

45.    Moreover, by instructing its employee to commit perjury by falsely testifying before this Honorable Court regarding instructions to break into Plaintiff's property, the Defendant, City of Calumet City, has conspired, through its elected officials and commissioners, to defraud this Honorable Court.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 45.

46.    Furthermore, by systematically denying Plaintiff the necessary building permits to perform improvements on her land, despite the facts that the property passed inspection at the time of sale of the property, the Defendant's, City of Calumet City, actions have effected a taking in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and the Constitution of the State of Illinois.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 46.

47.    As a direct and proximate result of the taking, Plaintiff has been permanently damaged.

**ANSWER:**    Calumet City denies the allegations contained in paragraph 47.

**WHEREFORE,** defendant, City of Calumet City, denies that plaintiff is entitled to any relief whatsoever and moves this Honorable Court to grant judgment for Calumet City and against plaintiff and award Calumet City its costs of suit and such other relief as may be appropriate.

## COUNT IV
## PROPERTY TAKING
## STATE AND FEDERAL CONSTITUTIONAL VIOLATIONS
### (vs. Wojewoda, Tarka, and Banasiak, City of Calumet City)

Calumet City makes no answer to the allegations contained in Count IV as Count IV is the subject of a separate motion to dismiss pursuant to Rule 12(b)(6).

**WHEREFORE,** defendant, City of Calumet City, denies that plaintiff is entitled to any relief whatsoever and moves this Honorable Court to grant judgment for Calumet City and against plaintiff and award Calumet City its costs of suit and such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Calumet City states as follows:

1. Calumet City is immune from liability pursuant to 745 ILCS 10/2-103.

2. Calumet City is immune from liability pursuant to 745 ILCS 10/2-104.

3. Calumet City is immune from liability pursuant to 745 ILCS 10/2-105.

4. Calumet City is immune from liability pursuant to 745 ILCS 10/8-101.

5. Calumet City asserts that, pursuant to 65 ILCS 5/11-31-1, the plaintiff's property is dangerous and unsafe.

**WHEREFORE,** Defendant City of Calumet City denies that plaintiff is entitled to any relief whatsoever and moves this Honorable Court to grant judgment for Calumet City and against plaintiff and award Calumet City its cost of suit and such other relief as may be appropriate.

CITY OF CALUMET CITY

*S/Robert Wilder*

By:     _____

One of its attorneys

Robert Wilder
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
ARDC No. 6244917

S:\Rob Wilder\7911 - Bischoff v Cal City\pleadings\Answer to Complaint.2, 013008wpd.wpd