**Report of Rule 26(f) Conference of Parties**

1. Case Caption and Names of Parties.

Short Case Title:    Bischoff v. City of Calumet City, et.al., 07 C 7174

Plaintiff:    Joyce Bischoff

Defendants:    City of Calumet City

                Gerald Tarka

                Rebecca Wojewoda

                James Banasiak

2. Due Date of Report. Except in categories of actions exempted by district court rule or by order of the Court, the parties shall file a Report of Conference of Parties with the Court. The report is to be filed jointly; if the parties disagree on any issue, that disagreement should be noted in the joint report. The joint report shall be filed 14 days before a scheduling conference with the Court is held or a scheduling order is due under Rule 16(b) of the Federal Rules of Civil Procedure, whichever is earlier. The joint report shall include the following information.

3. Conference and Names of Attorneys. Pursuant to Fed.R.Civ.P. 26(f), a conference was held on January 16, 2008 at 3:00 pm by teleconference. Participants to the conference were (lead trial counsel for each side should be identified with an asterisk after his or her name):

For plaintiff Joyce Bischoff:    Luke A. Casson*
                                      Kevin J. Lahey
                                      Andreou & Casson, Ltd.
                                      661 West Lake Street, Suite 2N
                                      Chicago, Illinois 60661
                                      312.935.2000/ 312.935.2001

For City of Calumet City:    Rob Wilder*
                                    Mark Sterk
                                    Patrick Burns
                                    Odelson & Sterk, Ltd.
                                    3318 W. 95th St.
                                    Evergreen Park, Illinois 60805
                                    (708)424-5678/ ***(708)425-1898***

|  |  |
|---|---|
| For Tarka | John J. Meehan* |
|  | Law Offices of John J Meehan |
|  | 33 N Dearborn St |
|  | Chicago, IL 60602-3102 |
|  | (312)332-6333/ *(312)781-9202* |
|  |  |
| For Wojawoda | John J. Meehan* |
|  | Law Offices of John J Meehan |
|  | 33 N Dearborn St |
|  | Chicago, IL 60602-3102 |
|  | (312)332-6333/ *(312)781-9202* |
|  |  |
| For Banasiak | John J. Meehan* |
|  | Law Offices of John J Meehan |
|  | 33 N Dearborn St |
|  | Chicago, IL 60602-3102 |
|  | (312)332-6333/ *(312 781-9202* |

*Lead counsel

4. Description of Claims.
(a) Plaintiff(s) shall set forth a brief description of the nature of the claims asserted in the complaint, including the basis of federal jurisdiction.

**The Plaintiff has brought claims under 42 U.S.C. §1983 and state claims upon the following bases: Fifth and Fourteenth Amendments to the U.S. Constitution and state law claims. This matter was removed to the Federal court by the Defendants.**

(b) Defendant(s) shall set forth a brief description of the nature of the defenses and any counterclaims affirmatively asserted.

**The Defendants deny that a trespass occurred; alternatively, if a trespass occurred, the plaintiff was not damaged thereby. The Defendants deny that any conduct by Calumet City or the individual defendants constituted a taking. The defendants assert that the structure located on the property is hazardous. The defendants also assert immunities pursuant to the Local Governmental Tort Immunity Act and any other applicable common law immunities. The defendants deny that they are liable to the plaintiff.**

 5. Prospects of Settlement.
(a) Counsel are to discuss settlement at the conference, and to report on the status of settlement discussions.

2

**The Plaintiff and Defendants have not met for settlement conference. Settlement of the claims is not probable at this stage. Plaintiff is willing to continue to discuss settlement.**

(b) The parties are to report on the earliest date on which they would be prepared to attend a settlement conference (with clients) with the Court or other designated official, and what discovery— if any — they believe may be needed to meaningfully assess settlement

**The Plaintiff is prepared to attend a settlement conference at the Court's convenience.**

6. Pre-Discovery Disclosures.
(a) Do the parties believe Rule 26(a)(1) disclosure should not apply? If so, briefly state the reasons why it should not.

**No.**

(b) The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) by:

**30 days**

7. Discovery Plan. The parties jointly propose to the Court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]
(a) Discovery will be needed on the following subjects:

**Practices and policies of the City of Calumet City in regard to land condemnation and takings, inspection and demolition pursuant to the Constitutional claims. The Plaintiff will also seek discovery relating to the treatment of similarly situated homeowners, other property takings, the claims in the complaint and damages.**

**The Defendants will seek discovery pertaining to: the condition of the property; the purpose for which the property was purchased; representations made by Bischoff regarding he purpose and demolition of the property; the hazardous nature of the property; the lack of involvement of the individual defendants named as parties to this litigation; the value of the property at all relevant times; the purchase price of the property; facts plaintiff claims support her claim regarding the alleged trespass and deprivation of constitutional rights; facts plaintiff claims support plaintiff's claim for damages.**

(b) All non-expert fact discovery to be completed by:

**October 1, 2008 or as directed by the Court.**

**(c)** Deadline for the amending of the Complaint**:**

**May 30, 2008.**

(d)Any proposed variations on the limits imposed by Rules 30 and 33 on deposition and/or interrogatory discovery.

**None**

(e)Reports from retained experts under Rule 26(a)(2) due:

**From plaintiff:        December 1, 2008
From defendant(s):   February 1, 2009**

(f)All retained expert depositions to be completed by: **April 1, 2009**

(g) All dispositive motions to be filed:

**December 1, 2008.**

8. Pretrial/Trial Plan.
(a) Final Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) should be done by: **order of Court**

(b) The case should be ready for trial by **May 1, 2009. The Parties expect trial to take 5 trial days.**

9. Magistrate Judge Consent. [Calumet City consents to have all proceedings including trial and entry of final judgment, take place before a magistrate judge ] **All parties are not willing to execute a consent to have all proceedings, including trial and entry of final judgment, take place before a magistrate judge.**

10. Other Matters. The parties shall indicate any other matters that they believe should be brought to the Court's attention for scheduling purposes.
The Court shall review the discovery plan and advise the parties of its approval or any modifications ordered. The Court shall also schedule court appearances as appropriate, including pretrial conferences. Court appearances require the presence of lead counsel or other counsel with sufficient knowledge of the case in order to discuss it intelligently.

   Date:      March 31, 2008

For the Plaintiff Joyce Bischoff

By: */s/Luke A. Casson*

For the Defendants, City of Calumet City

By: */s/Robert Wilder*

For the Defendant, Gerald Tarka

By: ***/s/John Meehan*** _____

For the Defendant, Rebecca Wojewoda

By: ***/s/John Meehan*** _____

For the Defendant, James Banasiak

By: ***/s/John Meehan*** _____