IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE BISCHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 07174 |
| | ) | |
| CITY OF CALUMET CITY, ILLINOIS, | ) | Judge Hibbler |
| an Illinois Municipal Corporation, JAMES | ) | |
| BANASIAK, individually, REBECCA | ) | |
| WOJEWODA, individually, Alderman | ) | |
| GERALD TARKA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CALUMET CITY'S MOTION TO DISMISS COUNT IV OF THE PLAINTIFF'S COMPLAINT PURSUANT TO F.R.Civ. P. 12(b)(6)**

Defendant, City of Calumet City ("Calumet City') by its attorneys, Odelson & Sterk, Ltd., moves to dismiss Count IV of the complaint for failure to state a claim upon which relief can be granted. In support of this motion the defendant states as follows:

1. The plaintiff filed a four (4) count complaint against the City of Calumet City and other individual defendants, alleging that Calumet City and the individual defendants committed certain acts which the plaintiff alleges amount to a state law trespass and a taking of the plaintiff's property in violation of the Illinois and U.S. Constitutions. The plaintiff's complaint is incorporated herein as Exhibit A.

2. The plaintiff's complaint was originally filed in the Circuit Court of Cook County, but, on notice of removal filed by this defendant, the action has been removed to this Court.

3. Count II of the complaint alleges a violation of 42 U.S.C. § 1983 and specifically alleges that Calumet City denied the plaintiff building permits and reapportioned the

       lot sizes of the plaintiff's property to the benefit of the plaintiff's neighbor and to the detriment of the plaintiff. The plaintiff alleges that this conduct constitutes a taking and a violation of the plaintiff's constitutional rights.

4. Count IV of the plaintiff's complaint realleges these same allegations and adds the allegation that Calumet City harassed the plaintiff and her disabled brother for the purpose of taking their property for an illegal and illicit gain.

5. It is fundamental and well-established that a taking occurs by either a physical encroachment by government or by regulatory conduct by government which deprives a landowner of all economically viable use of land. <u>Lucas v. South Carolina Coastal Council</u>, 505 U.S. 1003, 112 S.Ct. 2886 (1992).

6. The gravamen of Count IV appears to be that Calumet City engaged in a taking of the plaintiff's land by means of harassing the plaintiff and her brother.

7. This allegation, even if true, does not constitute a cognizable taking since, as set forth above, the only manner by which a government can take land is by means of physical encroachment or by regulatory conduct.

8. Additionally, the plaintiff has already alleged in Count II of the complaint that her land was taken by Calumet City, essentially by regulatory conduct and therefore, the allegations of taking contained in Count IV are redundant of the allegations contained in Count II of the complaint.

**WHEREFORE,** Defendant City of Calumet City respectfully prays that this Court dismiss Count IV of the plaintiff's complaint for failure to state a claim upon which relief can be granted and such other relief as may be appropriate.

                                      CITY OF CALUMET CITY

                                      *S/Robert Wilder*

By: _____
                                      One of its attorneys

Robert Wilder
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
ARDC No. 6244917