## IN THE CIRCUIT COURT OF COOK COUNTY
## LAW DIVISION

| | |
|---|---|
| JOYCE BISCHOFF<br>Plaintiff<br><br>vs.<br><br>the CITY OF CALUMET CITY, ILLINOIS, an Illinois Municipal Corporation, JAMES BANASIAK, individually, REBECCA WOJEWODA, individually, Alderman GERALD TARKA, individually<br>Defendants | Case No. 2007LO16616<br>CALENDAR ROOM<br>TIME 00:00<br>Previously filed under 02 CH 16767<br><br>JURY TRIAL DEMANDED |



### PLAINTIFF'S COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JOYCE BISCHOFF, by and through her attorneys, ANDREOU & CASSON, LTD., and for her Complaint against the Defendants states as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff is the owner of land described and located at 763 May St., Calumet City, Illinois.

2. The Defendant, Gerald Tarka, is the alderman of the 5th Ward in the City of Calumet City where the Plaintiff's property is located.

3. The Defendants, Rebecca Wojewoda and James Banasiak, are the directors of Fair Housing and Inspectional Services, respectively.

4. Defendant City of Calumet City, Illinois is a municipal corporation organized under the laws of the State of Illinois and is the governmental

**Exhibit "A"**

agency responsible for the issuance of building permits, building inspection certificates, and general surveying duties.

5. On or about December 23, 1999 the Plaintiff purchased 763 May St. (hereinafter referred to as "763") with land and improvements for the sum of Three Thousand and No/100 Dollars ($3,000.00) from a Mr. and Mrs. Dovich. That property is designated as Lots 40 and 41 in the official records of the Cook County Recorder of Deeds.

6. Prior to the sale of the property by Dovich, Bay attempted to purchase 763 but was unable to secure a contract with Dovich.

7. Since the date of Plaintiff's purchase, the Plaintiff has attempted, in good faith, to repair, renovate and update the property.

8. On at least three occasions since 2000, the City of Calumet City has refused to issue the necessary building permits to the Plaintiff to complete the repairs, and have done so without good cause.

9. In December 2001 the Plaintiff met with Alderman Tarka of Calumet City and was advised by him that she would be required to demolish her home and that no permits would be issued to her.

10. In June, 2002 the Plaintiff was notified that Bay intended to begin construction of a new garage. The Bay property is adjacent to the Plaintiff's property.

11. In response, the Plaintiff met with officials of the City of Calumet City to inform the City of the likely encroachment. The City refused to take any preventative action and falsely represented to the Plaintiff that there was

no encroachment by Bay, that the Plaintiff would be required to demolish her home and that her lots were less than 40 feet wide.

12. Thereafter, the City of Calumet City contracted with Robinson Engineering Co. (Robinson) to perform a limited re-survey of the properties on May St. in Calumet City, Illinois.

13. As a result of that survey, each property lot on May St. was reduced to 19.8 feet wide. Typically, a single address consisted of 2 adjacent lots.

14. By City ordinance, in order to build on a property, that property must be a minimum of 40 feet wide.

15. The City-ordered re-survey deprived the Plaintiff of the ability to build or repair her property.

16. On July 5, 2002 the Plaintiff retained Anthony J. Smierciak to perform a survey on her property. Mr. Smierciak reported that each of the Plaintiff's lots were 20 feet wide.

17. In or about August, 2002, the Plaintiff again met with officials of the City's building department and was advised that the Plaintiff could not hire a surveyor other than Robinson and that the City would not accept the findings of any other survey firm.

18. In or about September, 2002 Bay hired Danley Construction Company (Danley) and Ozinga Cement Company (Ozinga) to construct a garage.

19. On September 10, 2002 Bay, Danley and Ozinga began construction and in performing the construction entered upon the land of the Plaintiff without

consent, located the concrete slab and walls upon the property of the Plaintiff and otherwise encroached and damaged the Plaintiff's property.

20. The boundry line between the Plaintiff's property and the Bay property is clearly determinable and subject to resolution by a court.

21. The Defendants have committed an ongoing trespass upon the land of the Plaintiff, willfully and negligently damaged the Plaintiff's property, obstructed the Plaintiff's access to her property, created a public and private nuisance by impairing the Plaintiff's use and enjoyment of her land and illegally colluded and conspired with one another to effect a taking of land in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of Illinois.

22. In 2004, after the original filing of this suit, the City of Calumet City, Wojewoda, Tarka and Banasiak took steps to permanently deprive the Plaintiff of use of the property.

23. On specific occasions through 2004, 2005 and 2006, the Plaintiff met with Wojewoda, Tarka and Banasiak to resolve construction permits for the renovation of the property.

24. On occasions during those discussions, Wojewoda and Banasiak falsely stated that the property could not be renovated.

25. When confronted with renovation agreements and estimates of cost for the renovation, Wojewoda, Tarka and Banasiak continued to arbitrarily and capriciously deny the Plaintiff the full use and enjoyment of her property.

26. Wojewoda, Tarka and Banasiak then directed that the Plaintiff's home be demolished, falsely alleging in a Court of Law that the home was blighted and in such a condition as to be a public hazard.

27. At all times prior to the filing of this Complaint, the Plaintiff maintained the property in an appropriate manner, including keeping the lawn and scrubbery manicured, debris removed and the home properly secured.

28. Wojewoda, Tarka and Banasiak, however, directed employees of the City of Calumet City to enter upon the property under cover of identity and damaged the property of the Plaintiff without consent or authority.

29. Wojewoda, Tarka and Banasiak also falsely reported to the Calumet City Police Department that the Plaintiff's home was the scene of criminal activity, that the home would be torn down summarily, that illegal drug sales were occurring on the property and that vermin were living inside the home.

30. None of the statements were or are true and the falsity of the statement were verified by the Calumet City Police Department.

## COUNT I
## TRESPASS TO LAND
### (vs. Wojewoda, Tarka and Banasiak )

31. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1-30 and fully set forth herein.

32. In 2002, 2004, 2005 and 2006 and at various times thereafter the Defendants, entered upon the land of the Plaintiff.

33. The Defendants, and those under their control, entered upon the land of the Plaintiff in order to remove boarding and other materials put in place to restrict access to the property, thereby doing damage to the property.

34. At all times relevant hereto, the Defendants, and all of them, acted without the consent of the Plaintiff and after the Plaintiff instructed them to remove themselves from the land.

35. As a direct and proximate result of the trespass upon the Plaintiff's land the Plaintiff has been damaged and will continue to suffer damages because the Defendants have placed a permanent encroachment upon the land of the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court find in favor of the Plaintiff for damages suffered because of the Defendants' wrongful conduct and in an amount to exceed $50,000.00 and for all other relief just and proper in the premises.

### COUNT II
### 42 U.S.C. §1983
### (vs. All Defendants)

36. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-29 as fully set forth herein.

37. The City of Calumet City (Calumet City) is a municipal government formed under the laws of the State of Illinois.

38. Calumet City is responsible for the issuance and review of permit applications presented to it by property owners who wish to build or improve their properties.

39. In December, 2001 and at various times thereafter the Plaintiff submitted permit applications to Calumet City for approval.

40. The Plaintiff's applications have consistently been denied without good cause.

41. In combination with JOHN AND DOROTHY BAY, Calumet City, through its elected officials and commissioners, reapportioned the lots on May Street without notice and without a due process hearing.

42. The reapportionment ordered by Calumet City was for the benefit of one property owner, the BAYS', to the detriment of all other lot owners, including the Plaintiff, and is in violation of the Fifth and Fourteenth Amendments on its face and as the reapportionment was applied to the Plaintiff.

43. The reapportionment effected a taking a land and was done without Due Process, all in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the constitution of the State of Illinois.

44. As a direct and proximate result of the taking of her land, the Plaintiff has been permanently damaged.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award her damages for the loss of her property, consequential and incidental

damages, attorney fees and costs and for all other relief just and proper in the premises.

### Count III
### CONSPIRACY TO COMMIT TRESPASS TO LAND
(vs. Wojewoda, Tarka and Banasiak, City of Calumet City)

39. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-38 as if fully set forth herein.

40. The Defendant, City of Calumet City, through its elected officials and commissioners of the housing department, instructed a City of Calumet City building inspector, Ed Cope, to break into the Plaintiff's property without the Plaintiff's permission.

41. Further, the Defendant, City of Calumet City, through its elected officials and commissioners, instructed the same individual to falsely testify before this Honorable Court regarding instructions received from City of Calumet City officials to break into Plaintiff's property.

42. When Mr. Cope objected to falsely testifying before this Honorable Court, the Defendant, City of Calumet City, terminated his employment.

43. By instructing its employee to break into Plaintiff's property, with knowledge that it did not have Plaintiff's permission, the Defendant, the City of Calumet City, committed trespass upon Plaintiff's land.

44. Also, while breaking into and entering Plaintiff's property, the City of Calumet City employee caused damage to Plaintiff's personal and real property.

45. Moreover, by instructing its employee to commit perjury by falsely testifying before this Honorable Court regarding instructions to break into

Plaintiff's property, the Defendant, City of Calumet City, has conspired, through its elected officials and commissioners, to defraud this Honorable Court.

46. Furthermore, by systematically denying Plaintiff the necessary building permits to perform improvements on her land, despite the fact that the property passed inspection at the time of sale of the property, the Defendant's, City of Calumet City, actions have effected a taking in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the constitution of the State of Illinois.

47. As a direct and proximate result of the taking, Plaintiff has been permanently damaged.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award her damages for the loss of her property, consequential and incidental damages, attorney fees and costs and for all other relief just and proper in the premises.

### Count IV
### PROPERTY TAKING
### STATE AND FEDERAL CONSTITUTIONAL VIOLATIONS
### (vs. Wojewoda, Tarka and Banasiak, City of Calumet City)

48. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-47 as if fully set forth herein.

49. The Defendant willfully, maliciously and in violation of Constitutions and Laws of the State of Illinois and the United States of America took the property of the Plaintiff without payment.

50. The Defendants engaged in a plan and course of action calculated to harass and annoy the Plaintiff and her disabled brother for the purpose of taking their property for an illegal and illicit gain.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award her damages for the loss of her property, consequential and incidental damages, attorney fees and costs and for all other relief just and proper in the premises.

### JURY DEMAND

The Plaintiff hereby demands a trial by a jury of 12.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: *(signature)*

LUKE A. CASSON, one of the attorneys for the Plaintiff

Firm ID: 39203
LUKE A. CASSON
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
312.935.2000 / 312.935.2001