IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE BISCHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 07174 |
| | ) | |
| CITY OF CALUMET CITY, ILLINOIS, | ) | Judge Hibbler |
| an Illinois Municipal Corporation, JAMES | ) | |
| BANASIAK, individually, REBECCA | ) | |
| WOJEWODA, individually, Alderman | ) | |
| GERALD TARKA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

### REQUEST FOR PRODUCTION
### OF DOCUMENTS TO JOYCE BISCHOFF

Pursuant to Federal Rule of Civil Procedure 34, the defendant, City of Calumet City, serves upon the plaintiff, Joyce Bischoff, the following request for production of documents to be answered within thirty (30) days of service hereof:

### DEFINITIONS

The following definitions apply to this request:

A. "Plaintiff" as used in this document means Joyce Bischoff or her personal representatives, agents, assigns, attorneys, and all other persons acting or purporting to act on her behalf.

B. "Defendants" as used herein in this document means the named Defendants, their representatives, assigns, attorneys, employees, divisions, departments, agencies, and all other persons acting or purporting to act on its behalf.

C.  "Document" as used herein shall include all tangible things written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, specifically including but not limited to: writings, drawings, graphs, charts, photographs, phone records, data compilations (from which information can be obtained, translated, if necessary, by the defendants through detection devices into reasonably usable form), letters, correspondence, memoranda, minutes, notes, employee files, announcements, press releases, contracts, agreements, memoranda of conversations, microfilm, microfiche, e-mail, desk calendars, periodicals, bulletins, circulars, notices, rules, regulations, directions, teletype messages, interoffice communications, diaries, investigative reports, complaints, or materials similar to any of the foregoing, however, designated, which are in the possession, custody or control of the party upon whom this discovery request is served, or to which said party can obtain access.  Included in the term "documents" are all attachments, enclosures, or other documents that are attached to, relate to, or other documents that are attached to, relate to, or refer to designated documents. "Document" also includes an original, master, copy, draft or preliminary notes for any other document, or any marginal comments appearing on any other document.

D.  "Identify" when used with respect to a document means to:

1.  State the date, author, addressee, type of documents (i.e. letter); and

2.  Identify its last known custodian and location.

E.  "Regarding" including its various forms such as "in regard to," "referring to," "relating to," "concerning," and "in connection with" means consist of, refer to, reflect to or be in any way logically or factually connected with the matter discussed.

F.  Whenever appropriate, the singular form of a word should be interpreted in plural. "And" as well as "or" shall be constructed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside the scope.

G.  If any of the documents requested herein are withheld on one or more grounds of privilege, work product or trade secret, identify the withheld documents by author, addressee, date, subject matter and identify all individuals or entities possessing or controlling such documents; further state the reason for withholding same and all factual bases for the privilege. If any document is privileged only in part, the non-privileged portions shall be produced and privilege claimed only as to the remainder.

H.  If any document was but is no longer in your possession or within or subject to your custody or control, state to each such document:

1.  The date and manner of disposition;

2.  The name and address of the individual or firm having possession, custody or control of said document;

3.  The date and authority of each document; and

4.  A brief description of the nature and subject of the matter of the document.

I.   If any requested document cannot be produced in full, produce it to the extent possible, indicating what documents or portions of documents are being withheld and the reason such documents are being withheld.

J.   This request for Production of Documents is continuing and any document obtained or located subsequent to initial production, which would have been produced had it been available or its existence known at the time, is to be supplied by defendant forthwith.

## **Privileged Documents**

If you claim a privilege with respect to any document, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and the nature of the privilege.

## **Documents to be Produced**

1.   Any and all documents regarding ownership of the property and premises located at 763 May Street, Calumet City, Illinois.

2.   Any and all correspondence to or received from John or Dorothy Bay related to the property located at 767 May Street or 763 May Street, Calumet City, Illinois.

3.   Any and all correspondence to or received from Robinson Engineering related to the property located at 767 May Street or 763 May Street, Calumet City, Illinois.

4.   Any and all correspondence to or received from Danley Construction related to the property located at 767 May Street or 763 May Street, Calumet City, Illinois.

4.   Any and all documents regarding the purchase of the property located at 763 May Street, Calumet City, Illinois.

5. Any and all documents, including but not limited to invoices, bills, or estimates, regarding any repairs, renovations, updates or any proposed repairs, renovations, updates for the property located at 763 May Street, Calumet City, Illinois.

6. Any and all documents related to the claimed refusal by Calumet City or its employees to issue applications for building permits for the premises located at 763 May Street, Calumet City, Illinois.

7. Any and all documents related to the refusal of issuance of building permits by the City of Calumet City for repairs for the premises located at 763 May Street, Calumet City, Illinois.

8. Any and all documents regarding any and all meetings of the Plaintiff with Alderman Tarka of Calumet City.

9. Any and all documents regarding any and all meetings of the Plaintiff with Rebecca Wojewoda.

10. Any and all documents regarding any and all meetings of the Plaintiff with James Banasiak.

11. Any and all documents regarding a meeting with officials of the City of Calumet City regarding encroachments on the property located at 763 May Street, Calumet City, Illinois.

12. Any and all documents, including but not limited to reports, invoices, bills regarding any surveys on the property located at 763 May Street, Calumet City, Illinois.

13. Any and all "renovation agreements" and "estimates of cost for the renovation" described in paragraph 25 of the plaintiff's complaint.

14. Any and all documentary evidence, including but not limited to photographs, that the individual defendants entered the plaintiff's land in 2002, 2004, 2005, 2006 and various time thereafter.

15. Any and all documents supporting any claimed economic expenditures as set forth in the answer to interrogatory 25

16. Any and all documents supporting the claim, in paragraph 6 of the plaintiff's complaint, that Mr. Bay attempted to purchase the property located at 763 May.

                                  City of Calumet City

                                  ***S/ Robert Wilder***

By: _____
        One of their attorneys

Robert Wilder
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
708-424-5678